IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GENERAL INSURANCE COMPANY OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 16-1386 |
| v. | ) ) | Judge Cathy Bissoon |
| PYROTEK, INC., et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Pending before the Court is Plaintiff General Insurance Company of America ("Plaintiff")'s Motion to Remand (**Doc. 14**), which Defendants St. Paul Fire and Marine Insurance Company, The Travelers Indemnity Company, and Travelers Casualty and Surety Company (f/k/a The Aetna Casualty and Surety Company) (collectively, the "Travelers Defendants") have joined. For the reasons stated below, the Court will GRANT Plaintiff's Motion to Remand **(Doc. 14)** and REMAND this action to Court of Common Pleas of Allegheny County, Pennsylvania.

## MEMORANDUM

### A. Background

Plaintiff filed its Complaint in the Court of Common Pleas of Allegheny County on September 1, 2016. (Complaint, Doc. 1-2). Plaintiff's Complaint sets forth claims against numerous defendants, several of which are alleged to be citizens of Pennsylvania ("the Pennsylvania Defendants"). (See id. at ¶¶ 8, 13, 16, 20). Plaintiff served its Complaint on the

1

Pennsylvania Defendants on September 6, 7, 13, and 22.  (See Doc. 15-1, Exhibits 1-5).  Plaintiff served the Complaint on the Travelers Defendants on September 7, 2016.  (See Doc. 20-1, Exhibits A & B).

On September 8, 2016, Defendant Pyrotek, Inc. ("Defendant Pyrotek") unilaterally removed this matter to this Court without requesting or obtaining the consent of the Travelers Defendants.  (See Notice of Removal, Doc. No. 1; Doc. 20-1, Exhibit C).  On October 6, 2016, Plaintiff filed a timely Motion to Remand (Doc. 14), which the Travelers Defendants moved to join on October 7, 2016 (Doc. 20).  Because it is clear to the Court that Defendant Pyrotek's attempt to remove this action is improper, no response from Defendant Pyrotek is necessary, and Plaintiff's Motion to Remand will be granted.  See Liberty Mut. Ins. Co. v. Ward Trucking Corp., 48 F.3d 742, 750 (3d Cir. 1995) (explaining that the removal statute "authorizes the district court to remand [. . . ] without affording [the defendant] an opportunity to respond to [a remand] motion" whenever subject-matter jurisdiction is at issue).

**B. Legal Standard**

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States."  28 U.S.C. § 1441(a); Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987).  After a notice of removal is filed, a plaintiff may seek to remand the action back to state court under 28 U.S.C. § 1447(c) for "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal procedure."  Ramos v. Quien, 631 F. Supp. 2d 601, 607 (E.D. Pa. 2008) (quoting PAS v. Travelers Ins. Co., 7 F.3d 349, 352 (3d Cir.1993)).

Because federal courts are courts of limited jurisdiction, both the Supreme Court of the United States and the Court of Appeals for the Third Circuit have recognized that removal statutes are to be strictly construed against removal and all doubts must be resolved in favor of remand. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108–109 (1941); Samuel–Bassett v. KIA Motors America, Inc., 357 F.3d 392, 396 (3d Cir. 2004) (citing Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990)). The Third Circuit also has repeatedly held that "the party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, [. . .] that the case is properly before the federal court." Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007) (citing Samuel–Bassett, 357 F.3d at 396).

**C. Analysis**

Defendant Pyrotek's Notice of Removal was improper, and the Court will remand this matter to the Court of Common Pleas of Allegheny County.

As an initial matter, it appears from the pleadings that the Court lacks subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1441. Section 1441 provides that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed <u>if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought</u>." See 28 U.S.C. § 1441(b)(2) (emphasis added). According to the Complaint, several defendants in this action that have been properly joined and served are citizens of Pennsylvania. (See Doc. 1-2 at ¶¶ 8, 13, 16, 20). Thus, based on the allegations in the Complaint, the Court finds that removal was improper under Section 1441. See, e.g., Stunteback v. Janssen Research & Development, LLC, No. CIV.A. 14-1097, 2014 WL 2572784, at *2 (E.D. Pa. June 6, 2014) ("Removal is precluded, however, when one of the defendants is a citizen of the forum state in which a case is brought.").

However, even assuming that Defendant Pyrotek properly removed this action under Section 1441, the Court still would remand for lack of unanimity under Section 1446(b)(2), which clearly provides: "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." See 28 U.S.C. § 1446(b)(2)(A). Here, the Travelers Defendants have refused to consent to Defendant Pyrotek's removal of this case. (See Doc. 20-1, Exhibit C). Based on this procedural defect alone, and because Plaintiff and the Travelers Defendants have timely moved to remand, the Court will grant their motion and remand this action to the Court of Common Pleas of Allegheny County. See In re FMC Corp. Packaging Systems Div., 208 F.3d 445, 451 (3d Cir. 2000) (the court may remand a matter for violation of the unanimity rule where, as here, a party files a timely motion to remand); see also Baldy v. First Niagara Pavilion, C.C.R.L., LLC, 149 F. Supp. 3d 551, 564 (W.D. Pa. 2015).

## ORDER

For the foregoing reasons, Plaintiff's Motion to Remand is GRANTED. The Court hereby REMANDS this action to the Court of Common Pleas of Allegheny County, Pennsylvania.

IT IS SO ORDERED.

October 18, 2016                                   s/Cathy Bissoon
                                                   Cathy Bissoon
                                                   United States District Judge

CC (via ECF email notification):

All Counsel of Record